# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

MICHAEL JOHNSON                                                                    PETITIONER

vs.                                          CIVIL ACTION NO.:  2:12cv62-MPM-SAA

JESSIE JAMES STREETER, et al.                                      RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Johnson, Mississippi inmate # 41273, is proceeding pro se on a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his State court conviction and sentence for aggravated assault and possession of a firearm by a convicted felon. Having considered the submission of the parties, the State court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied, for the reasons that follow.

### Facts and Procedural History

On March 20, 2008, Petitioner and a co-worker, Russell Sanders got into a verbal altercation while at work. Sanders walked away from Petitioner, who followed Sanders and "flinched" toward him, causing Sanders to grab Petitioner. (SCR vol. 2, 35-36).[1] When Sanders grabbed him, Petitioner dropped a screwdriver he was carrying. (*Id*. at 36). Petitioner picked the screwdriver up off of the ground and walked away, and Sanders thought that the altercation was at an end. (*Id*.). After work, Sanders and three other co-workers with whom he carpooled got into a car to leave. (*Id*. at 37). Sanders and two of the co-workers testified at trial that they saw Petitioner, who was standing in the parking lot, raise a gun and fire it toward the car. (*Id*. at 37-38, 53, 64-65). The bullet lodged in the doorframe, which caused the driver's side window to

---

[1] The State Court Record is hereinafter identified as "SCR vol. __, ___."

shatter. (*Id*. at 38, 44). At trial, officers testified that there was a single gunshot to the driver's side door of the car, with the bullet lodged in the door seal, and a nine-millimeter shell casing nearby. (*Id*. at 44-46). No latent prints were found on the bullet or shell casing, and the gun was not retrieved. (*Id*. at 45, 77, 80). No witness, other than the occupants of the vehicle, gave a statement to police. (*See id.* at 47).

On May 27, 2008, Petitioner was indicted as an habitual offender for Count I, attempted aggravated assault, and Count II, possession of a firearm by a convicted felon. The defense stipulated at trial that Petitioner had previously been convicted of aggravated assault in August 1992. (*Id.* at 58, 88). Petitioner had also previously been convicted of manslaughter, but no mention of that conviction was made at trial for fear that it would prejudice Petitioner's defense. (*See id.* at 55-58).

On November 5, 2008, Petitioner was convicted of attempted aggravated assault and possession of a firearm by a convicted felon in the Circuit Court of Coahoma County, Mississippi. (SCR vol. 1, 7-8). He was sentenced as an habitual offender to serve a term of life on each count without the possibility of probation or parole, with the sentences to be served concurrently in the custody of the Mississippi Department of Corrections. (*Id.* at 9-11). Petitioner filed a motion for a judgment notwithstanding the verdict or, alternatively, a motion for a new trial. The motion was denied, and Petitioner appealed.

Petitioner's convictions and sentences were affirmed by the Mississippi Court of Appeals. *Johnson v. State*, 50 So.3d 335 (Miss. App. 2010), *reh'g. denied* September 14, 2010, *cert. denied* January 6, 2011 (Cause No. 2009-KP-00048-COA). Petitioner sought post-conviction relief with the Mississippi Supreme Court and was denied. (Answer, Ex. B, Cause No. 2012-M-

00153-SCT). Petitioner filed a petition for writ of habeas corpus in this Court on or about October 17, 2011, raising as grounds for relief, as paraphrased by the Court:

>Grounds One and Five: That the indictment against him was defective;

>Ground Two: That he received ineffective assistance of counsel at trial;

>Ground Three: That the trial court erred in refusing to grant his motion for directed verdict;

>Ground Four: That the trial court erred in denying his motion for a new trial as the verdict was against the overwhelming weight of the evidence; and

>Ground Six: That the cumulative errors in this case deprived him of his right to a fair trial.

## Legal Standard

The Court's review of Petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A decision meets the "contrary to" clause only if it applies a rule contradicting the clearly established precedent as set forth by the Supreme Court, or if it arrives at a different result than

3

that reached by the Supreme Court on a set of "materially indistinguishable" facts. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court's decision unreasonably applies Supreme Court precedent if it identifies the correct legal rule but unreasonably applies it to the facts of the case, or if it unreasonably extends, or unreasonably refuses to extend, a legal principle from existing Supreme Court precedent to the facts of the case. *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Additionally, the factual findings underlying a state court's decision are presumed to be correct unless the petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001).

## Discussion

**Grounds One and Five: Defective Indictment**

Petitioner maintains that the indictment charging him was defective in that it "fail[ed] to allege any date of the previous sentences." (Pet. 6). He also maintains that the indictment improperly charged him under two different statutes, which created "a defective and ambiguous indictment." (Pet. 20).

The Court of Appeals found Petitioner's claims barred for his failure to raise the issues to the trial court. *Johnson*, 50 So.3d at 338-39. Federal habeas relief is generally barred if the state court declined to hear a prisoner's claims because he failed to abide by a state procedural rule that is independent and adequate to support the judgment. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). The bar is adequate if it is "strictly or regularly" applied to the "vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995). Petitioner has not argued that the rule applied against him is not strictly or regularly applied, and the Fifth Circuit has held that a bar imposed on a claim based upon a prisoner's failure to present an issue to the trial court is an

4

independent and adequate rule. *See Stokes v. Anderson*, 123 F.3d 858, 859-60 (5th Cir. 1997).

A petitioner may receive federal habeas review of a procedurally defaulted claim if he can demonstrate "'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (internal citations omitted). In order to demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice may be demonstrated by showing that the errors "worked to [the petitioner's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (citation omitted).

If a petitioner is unable to demonstrate cause and prejudice, he may obtain review of his claim by demonstrating that the application of the procedural bar would result in a miscarriage of justice because he is factually innocent of the crime of which he was convicted. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). This requires showing, "as a factual matter, that he did not commit the crime of conviction" and requires Petitioner's allegations to be supported with new, reliable evidence that was not presented at trial. *Id.* Petitioner bears the burden of establishing, in light of this new evidence, that it is "more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has not demonstrated cause and prejudice for the default, nor has he demonstrated that he is factually innocent of the crime of conviction. Therefore, Petitioner's claims of error involving his indictment are barred from federal habeas review. Alternatively, and

without waiving the bar, the Court notes that the claims are otherwise without merit.

In its alternative discussion of the merits regarding Petitioner's claim that the indictment was defective for failing to include the date, the Court of Appeals found that the indictment complied with Uniform Circuit and County Court Rule ("UCCCR") 11.03(1), which provides the requirements for indictments charging a defendant as an habitual offender. *See Johnson*, 50 So.3d at 338. Rule 11.03(1) requires the indictment to "include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment." *Id.* The Court found this indictment listed the charged offenses at issue in the present case, and it stated that "in cause number 6958, Johnson was convicted in the Circuit Court of Coahoma County on February 19,1986, of manslaughter and sentenced to twenty years. In cause number 7941, Johnson was convicted in the Circuit Court of Coahoma County on August 12, 1992, of aggravated assault and sentenced to twenty years." *Id.* The court found there to be "no requirement that the indictment include the dates of sentencing" and rejected the claim. *Id.*

Petitioner's second claim regarding the indictment's deficiency was likewise rejected in an alternative discussion on the merits. Petitioner argues that the State was required to charge Petitioner under a single statute, instead of charging him as an habitual offender under both Miss. Code Ann. § 99-19-1983 and § 99-19-81. Section 99-19-83 requires a repeat offender to be sentenced to life in prison where at least one of his previous felony convictions was for a crime of violence and the offender served a term of imprisonment of one year or more on both prior felonies. Section 19-19-81, by contrast provides that a person convicted of a felony will receive a

6

maximum sentence for the crime if he has been previously convicted of two felonies and has served separate sentences of one year or more on each felony conviction. In this case, Petitioner's indictment charged him under "§ 99-19-83 to be sentenced to life imprisonment or alternatively, if proof not supporting sentencing under § 99-19-83, under [Miss. Code Ann.] § 99-19-81 to be sentenced to the maximum term of imprisonment prescribed for such felony[.]" (SCR vol. 1, 4).

The Court of Appeals found it "clear that the State charged Johnson as a habitual offender under section 99-19-93. Section 99-19-81 was clearly listed as an alternative." *Johnson*, 50 So.3d at 338-39. The court found that since Petitioner's two previous felonies were for manslaughter and aggravated assault, the State supported the charge as an habitual offender under § 99-19-83 because both previous crimes were ones of violence. *Id.* It also noted that the State was not required to specify the statute under which it intends to proceed, because the statutes "are not criminal offenses and only affect sentencing." *Id.* (citation omitted).

The basic purpose of an indictment is "to fairly inform a defendant of the charge against him." *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). The sufficiency of a State indictment is an issue of State law that does not warrant federal intervention unless it is demonstrated that the indictment was so defective that the convicting court did not have jurisdiction. *See Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). Here, the State court found that the indictment was sufficient, and that it clearly identified the charging habitual offender statute. Moreover, because both of Petitioner's prior crimes were ones of violence, his charge as an habitual offender under § 99-19-83 was supported. Because the indictment charging Petitioner has been found sufficient under State law, the Court "need not address" the issue. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.

7

1994). Petitioner's claims in Ground One and Ground Five are procedurally barred, his challenges are not borne out by the record, and the indictment has been found sufficient under State law. Therefore, each of Petitioner's claims challenging his indictment will be dismissed.

**Ground Two: Ineffective Assistance of Counsel**

Petitioner raises several challenges to his counsel's performance at trial. A federal habeas petitioner's claim that he was denied the effective assistance of counsel at trial is generally measured by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must establish that (1) his trial counsel's performance was so deficient that it cannot be said that the attorney was functioning as "counsel" within the meaning of the Sixth Amendment, and (2) the deficient performance prejudiced his defense. *See id.* at 687. Because the instant case comes before the Court on habeas review, the issue before the Court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

On direct appeal, the Court of Appeals found that the record did not demonstrate "ineffectiveness of constitutional dimensions" on the part of trial counsel, but otherwise declined to address the claims due to the insufficiency of the record. *Johnson*, 50 So.3d at 335. On post-conviction review, the Mississippi Supreme Court found that the "application fails to make a substantial showing of the denial of a state or federal right[.]" (Answer, Ex. B). The Court now turns to each argued instance of ineffective assistance of counsel cited by Petitioner, noting that Petitioner bears the burden of overcoming any reasonable argument supporting the state court decision, whether it was articulated or not. *Harrington*, 131 S.Ct. at 784-85.

*1. Counsel's failure to object to the fact that Petitioner's habitual offender status was found by a judge, rather than a jury.*

Petitioner argues that counsel was deficient in failing to object to the fact that a judge, rather than a jury, found him an habitual offender and gave him an enhanced sentence. In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that sentencing enhancements due to prior convictions are not required to be presented to a jury. *See id.* ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[.]"). The Mississippi Supreme Court has found that a prisoner's status as an habitual offender is not a jury issue. *See Keyes v. State*, 549 So.2d 949, 951 (Miss. 1989); *see also Smith v. State*, 963 So.2d 1168, 1169-70 (Miss. Ct. App. 2007) ("The United States Supreme Court, the Mississippi Supreme Court, as well as this Court, have made clear that an offender has no entitlement to a jury trial on the issue of whether or not he qualifies for enhanced punishment under the habitual offender statute."). Therefore, there was no cause for counsel to object, and he cannot be faulted for failing to object to an issue without merit. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

*2. Counsel's failure to object to multi-count indictment on basis of double jeopardy.*

Petitioner does not expound on his argument that counsel rendered ineffective assistance in failing to object to the multi-count indictment against him on the basis of double jeopardy. At the outset, the Court finds that Petitioner's allegation is conclusory and fails to raise a constitutional claim. *See, e.g., Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Regardless, the Court finds that Petitioner's attempted aggravated assault charge and possession

9

of a firearm by a felon required proof of separate elements, such that he was not improperly charged with multiple offenses.[2] *See Blockburger v. United States*, 284 U.S. 299 (1932) ("The applicable rule is where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."). Because the claim underlying Petitioner's claim is without merit, counsel cannot be faulted for failing to raise the issue. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("The Court has made it clear that counsel is not required to make futile motions or objections.").

*3. Counsel's failure to object to Petitioner's sentences as excessive.*

Petitioner was sentenced to two concurrent life terms without the possibility of parole. (*See* SCR vol. 2, 124-26). As previously noted, Petitioner was sentenced as an habitual offender under § 99-19-83 which provides that anyone convicted under the statute is not eligible for parole or probation. *See* Miss. Code Ann. § 99-19-83. Inasmuch as Petitioner received the only sentence allowable under the statute - life without the possibility of parole - Petitioner cannot demonstrate that he was prejudiced by counsel's failure to lodge an objection to the concurrent sentences. *See Clark*, 19 F.3d at 966.

*4. Counsel's failure to object to inaccuracy in the indictment.*

---

[2] The attempted aggravated assault charge required proof that Johnson (1) attempted to cause or purposely or knowingly caused bodily injury to another (2) with a deadly weapon or other means likely to produce death or serious bodily harm. Miss. Code Ann. §97-3-7(2). The possession of a firearm by a felon charge required proof that (1) Johnson had been convicted of a felony in the United States, (2) possessed (as relevant to this case) a firearm, and (3) had not received "a pardon for such felony, received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or received a certificate of rehabilitation pursuant to subsection (3) of this section." Miss. Code Ann. §97-37-5(1).

10

As best as the Court can decipher, Petitioner's argument is that counsel should have objected to the indictment because it presented August 12, 1992, as the date for the prior conviction of aggravated assault, when that sentence was later vacated and he was resentenced on the aggravated assault conviction. (*See* Pet. 8, n.1 and Pet. 16). Petitioner has presented no proof that his August 12, 1992, judgment was vacated. As the Court has previously noted, the indictment against Petitioner contained the information required under State law. (*See* SCR vol. 1, 4; *see also* U.C.C.C.R. 11.03(1)).

Additionally, as Respondents note, the sentencing court had a "pen pack" containing records from the Mississippi Department of Corrections that showed his prior convictions. (Answer, Ex. C; *see also* SCR vol. 2, 121). There is no evidence in the "pen pack" to indicate that Petitioner's 1992 sentence was not valid. Petitioner's allegation of ineffectiveness is conclusory, and it does not otherwise warrant federal relief. *See, e.g., Clark*, 19 F.3d at 966.

Petitioner has not demonstrated that the decision rejecting his ineffective assistance of counsel claims is contrary to, or involves an unreasonable application of, clearly established federal law, nor has he demonstrated that it is unreasonable based upon the facts presented in State court. Therefore, Petitioner's claims of ineffective assistance of counsel will be dismissed.

**Ground Three: Denial of Motion for Directed Verdict**

Petitioner maintains that the trial court erred in denying his motion for a directed verdict at the close of the State's case-in-chief, because the prosecution failed to prove the elements of the charges against him. (Pet. 17). The Court of Appeals found that the State only had to prove that Petitioner "attempted to cause bodily injury to Sanders with a deadly weapon" under the indictment. *Johnson*, 50 So.3d at 340. It found Sanders' testimony, along with that of his co-

workers, sufficient to determine "that a reasonable jury could have concluded that Johnson intended to cause bodily injury to Sanders by using a deadly weapon" and rejected the claim. *Id.*

Essentially, Petitioner's claim is that the evidence presented against him is insufficient to support the convictions. *See Gartrell v. Lynaugh*, 833 F.2d 527, 528 (5th Cir. 1987). A challenge to the sufficiency of the evidence supports a claim for habeas relief only if the evidence, viewed in the light most favorable to the State, is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992) (citation omitted).

The attempted aggravated assault charge against Petitioner required proof that he (1) attempted to cause or purposely or knowingly caused bodily injury to another (2) with a deadly weapon or other means likely to produce death or serious bodily harm. *See* Miss. Code Ann. §97-3-7(2). There was testimony at trial that Petitioner aimed at and fired a gun into the door of a vehicle containing four passengers. The jury heard the testimony of three of the passengers, and two police officers testified regarding the damage to the car.

In order to prove possession of a firearm by a felon, the State was required to show that (1) Johnson had been convicted of a felony in the United States; (2) possessed any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm; and (3) had not received "a pardon for such felony, received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or received

a certificate of rehabilitation pursuant to subsection (3) of this section." *See* Miss. Code Ann. §97-37-5(1). The jury was read a stipulation by the defense that Petitioner had previously been convicted of a felony, and the testimony of three witnesses provided proof that Petitioner possessed a gun that he fired into the vehicle.

The Mississippi Court of Appeals held that the evidence was such "that a reasonable jury could have concluded that Johnson intended to cause bodily injury Sanders by using a deadly weapon. Thus, we find that the trial court did not err by denying Johnson's motion for directed verdict." *Johnson*, 50 So.3d at 440. Petitioner has not demonstrated that this decision is contrary to, or involves an unreasonable application of, clearly established federal law, nor has he demonstrated that it is unreasonable in light of the facts presented in State court. Therefore, this claim will be dismissed.

**Ground Four: Denial of New Trial**

Petitioner argues that the verdict in his case was against the overwhelming weight of the evidence, such that the trial court erred in denying his motion for a new trial. The Court of Appeals found the issue without merit, considering it essentially the same as Petitioner's argument that the verdict was against the overwhelming weight of the evidence, which it had already rejected. *Johnson,* 50 So.3d at 340-41.

A federal habeas court may review a claim that the evidence produced in State court was insufficient to support the conviction, but a claim that the conviction is against the "weight of the evidence" is not a basis for federal habeas relief. *See, e.g, Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence."). Therefore, this claim will

be dismissed.

**Ground Six: Cumulative Error**

Petitioner claims that cumulative errors deprived him of a fair trial. On appeal, his claim was held without merit. *Johnson*, 50 So.3d at 341. Cumulative error has been recognized as an independent basis for habeas relief, but only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992) (citation omitted). Claims that have not resulted in prejudice or otherwise rendered the trial unfair cannot be cumulated. *See id.* at 1461. Petitioner has not shown such consequences in this case. Therefore, Petitioner has failed to demonstrate that the rejection of his cumulative error claim is contrary to, or involves an unreasonable application of, clearly established federal law, nor has he demonstrated that it is unreasonable in light of the facts presented in State court. This claim will be dismissed.

**Certificate of Appealability**

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

**Conclusion**

Having found no basis to grant federal habeas relief in this case, it is hereby ordered that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All pending motions are dismissed as moot. A judgment in accordance with this opinion and order will issue this day.

**THIS** the 24th day of August, 2012.

                                       <u>Michael P. Mills</u>
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **NORTHERN DISTRICT OF MISSISSIPPI**